Judge Underwood,
delivered the opinion of the Court.
DEVINE brought an action of assumpsit against the plaintiff in error and seven others, to recoveP their rateable proportions of $100, which he alleged he had expended for their use. The declaration so far as it sets out a cause of action against the defendants, for their rateable proportions of $100, is clearly defective, for it proceeds against the defendants jointly, for wlaat is clearly a separate liability. This defect was by an amendment of the declara! ion *205 attempted to be cured. The amendment avers that Devine, at the request of the defendants, laid out and expended ‡100 for their use and benefit, thus a joint liability on the defendants for the whole sum. On the trial, the jury found a verdict against the plaintiff in error, for $33 in damages, and found in favor of all the other defendants. This verdict cannot be sustained. Devine, by amending his declaration, placed his right to recover upon a joint undertaking of all the defendants, and unless he proved a joint assumpsit, the court should have instructed the jury to find, as in case of a non-suit, on the application of the defendants. See 1 Chi tty, 31, for the general rule inactions, in form ex contractu, where there is more than one defendant. There may be exceptions to it, but the present case is not an exception, We are of opinion that the evidence did not shew a joint liability on the part of the. defendants, and that the court erred, in refusing to instruct the jury, as in case of a non-suit. It is unnecessary to notice the other errors assigned.
Crittenden and Triplett, for plaintiff; Daniel, for defendant.
The judgment of the circuit court must be reversed, and the plain till’ in error must recover his costs.